IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAICOURRIE DeWAYNE FINLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0072 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY, IN PART, AND
DISMISS, IN PART, PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner FINLEY has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary proceeding that took place at the Clements Unit in Potter County, Texas. Petitioner is incarcerated at the Clements Unit pursuant to a 16-year sentence assessed for his conviction of theft out of the 248th District Court of Harris County, Texas. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED, IN PART, and DISMISSED, IN PART.

I.
BACKGROUND

On January 18, 2010, petitioner was charged with violating prison rules by (1) threatening to inflict harm on an officer; and (2) discourteous conduct of a sexual nature. On January 25, 2010, petitioner received notification of the disciplinary hearing set for January 27, 2010. On January 27, 2010, after a hearing, petitioner was found guilty of the violations charged. The punishment assessed included the loss of forty-five (45) days previously accrued good time. *See* Disciplinary

Case No. 20100141762.

On January 28, 2010, petitioner appealed the disciplinary ruling by filing a Step 1 grievance. The disciplinary case was reviewed and, on February 3, 2010, the grievance was denied with the following response:

> Disciplinary report #20100141762 and all related investigative documentation have been reviewed. The charge against you was appropriate. No investigative, service, or procedural errors were noted. The case was presented to a fair and impartial hearing officer. Based on the evidence that was presented at the hearing, a guilty verdict was appropriate. The punishment was consistent with the guidelines of the disciplinary rules and procedures. The decision of the hearing officer shall stand as rendered.

On February 5, 2010, petitioner completed a Step 2 grievance challenging the disciplinary ruling, such grievance being received by the Unit Grievance Investigator on February 9, 2010. On March 5, 2010, petitioner's grievance was denied with the following response:

> Major Disciplinary Case #20100141762 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed was within agency guidelines. No further action is warranted in this matter.

Petitioner completed the instant federal habeas application challenging Disciplinary Case #20100141762 and avers he placed it in the prison mailing system for mailing on December 16, 2010.[1] This Court received and file stamped petitioner's habeas application on March 31, 2011.

## II.
## TIME BAR

In his answer, at pages 4-6, respondent thoroughly and accurately sets forth the statutory provisions and relevant case law governing the AEDPA limitation period. Section 28 U.S.C. §§ 2244(d)(1)(D) governs the start of the 1-year limitation period in this case. Respondent argues

---

[1] A federal petition is considered "filed" on the day the petitioner places the petition in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

petitioner could have discovered the factual predicate of his claims on January 27, 2010, the date he was found guilty at the disciplinary hearing, and thus the 1-year period began on January 27, 2010 and, absent any tolling, expired on January 27, 2011. Respondent maintains the 1-year period was tolled for a total of thirty (30) days during the time petitioner's individual Step 1 and Step 2 grievances were *actually* pending (*i.e.*, from January 28, 2010 to February 3, 2010, and from February 9, 2010 to March 5, 2010) and, therefore, petitioner's federal habeas application had to be filed on or before February 28, 2011 to be timely filed within the limitation period. Respondent argues that despite petitioner's averment that he placed his federal habeas application in the prison mailing system on December 16, 2010, that petitioner did not file his federal habeas application until March 17, 2011, a date well after the expiration of the 1-year limitation period.

A federal petition is considered "filed" on the day the petitioner places the petition in the prison mailing system. Petitioner attests he placed his petition in the prison mailing system on December 16, 2010. However, petitioner attached, to his habeas application, an *In Forma Pauperis* Data Sheet reflecting a notary public's signature was affixed on March 15, 2011. The envelope containing petitioner's habeas application and the attachment reflect a postmark date of March 17, 2011.

Respondent argues petitioner did not file his federal petition until March 17, 2011. Although respondent has not provided this Court with any mail logs or other documentary evidence reflecting petitioner did not place his federal habeas petition in the prison mailing system until March 17, 2011, it is clear the petition could not have been mailed out until, at the earliest, March 15, 2011. While the postmark date of March 17, 2011 lends credence to respondent's position, the postmark date alone is not conclusive evidence that petitioner did not submit his petition to prison authorities for mailing on a date prior to the actual mailing. Petitioner, however, has not challenged respondent's contention and has not explained why it would have taken prison authorities three (3) months to mail

his petition. In the absence of any evidence showing the date petitioner actually deposited his federal habeas petition in the prison mailing system, this Court will consider March 15, 2011 as the "filing" date. Utilizing respondent's calculations, petitioner's filing on March 15, 2011 renders petitioner's habeas application untimely. Petitioner's federal habeas application should be dismissed as time-barred.

### III.
### SUCCESSIVE

In his answer, respondent also notes that following petitioner's January 27, 2010 disciplinary hearing, petitioner filed a federal habeas application challenging multiple other disciplinary proceedings held in 2009. *See Finley v. Thaler*, No. 2:10-CV-0078 (filed April 9, 2010, deposited for mailing March 25, 2010). Respondent contends petitioner could have, and should have, included his claims challenging the January 27, 2010 disciplinary proceeding in the federal habeas petition filed April 9, 2010. Respondent argues the instant petition is therefore successive, an abuse of the writ and, as petitioner did not obtain permission to file a successive application, this Court lacks jurisdiction to address the merits of the petition and must dismiss it with prejudice as successive.

Petitioner actually filed three (3) federal habeas applications challenging disciplinary proceedings after petitioner's January 27, 2010 disciplinary proceeding and prior to filing this federal habeas application. In the April 9, 2010 federal habeas application, petitioner challenged four (4) disciplinary proceedings from April and September 2009. In a May 3, 2010 federal application (deposited for mailing April 26, 2010), petitioner challenged three (3) disciplinary proceedings from July 2009 and, in a May 17, 2010 federal application (deposited for mailing May 8, 2010), petitioner challenged two (2) disciplinary proceedings from April and May 2010.[2]

---

[2] Petitioner also filed a federal application of February 1, 2011 challenging a January 12, 2010 disciplinary proceeding, however, petitioner indicated he deposited that petition for mailing on December 28, 2010, prior to the January 29, 2010 disciplinary proceeding challenged in this case.

Respondent's argument is persuasive. Petitioner has not shown he could not have presented the claims presented in this petition in one of his many earlier petitions. Consequently, this petition appears to be a second or successive application and subject to the requirement that a petitioner receive appellate court permission to file a successive application. While the case law cited by respondent certainly supports a finding of a successive petition, none of the cases cited are directly on point in that they are not limited to petitions which involve only challenges to disciplinary cases. The Court has not found a Fifth Circuit case specifically holding that a habeas petitioner is required to include challenges to all disciplinary cases in a single habeas petition at the first opportunity. Therefore, while the undersigned finds respondent's contention meritorious, in an abundance of caution, the merits of the claims will be addressed.

IV.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated during his disciplinary hearings because petitioner was denied due process when:

1. Petitioner did not receive timely notice of the disciplinary charge against him or the date set for the disciplinary hearing;

2. The disciplinary hearing took place after the 7-day period established by TDCJ disciplinary policies;

3. The Disciplinary Hearing Officer (DHO) denied petitioner's requested witness and/or witness statement;

4. The DHO refused to review what petitioner contends would be exculpatory evidence, to-wit: video surveillance of petitioner's cell, maintenance logs, and a letter from the charging officer (CO);

5. Petitioner was charged with and found guilty of the disciplinary offense as retaliation for petitioner filing a grievance against the CO and the DHO; and

6. There was insufficient evidence to sustain a guilty finding.

V.
EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has first exhausted the remedies available in the state courts, or an exception to exhaustion exists. Petitioner's habeas application may, however, be denied on the merits notwithstanding petitioner's failure to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[3] Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state remedies, a claim for habeas relief must include reference to a specific federal constitutional guarantee and a statement demonstrating the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 2081 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259-60 (5th Cir. 2001).

Although petitioner challenged this disciplinary case through the prison grievance procedure,

---

[3] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

petitioner did not challenge the case on the grounds that he did not receive timely notice of the charge against him or of the hearing date (Ground 1); that the disciplinary hearing was not held within seven (7) days after the incident (Ground 2); or that the DHO refused to review petitioner's purported exculpatory evidence (Ground 4). As a result, the merits of these claims were never administratively reviewed and petitioner's administrative remedies were not exhausted.[4] Any attempt to now exhaust these claims through the prison grievance system would be untimely. Consequently, petitioner is procedurally barred from presenting Grounds 1, 2 and 4 in this federal habeas proceeding.

Petitioner did not file a reply to respondent's answer arguing to the contrary. Nor has petitioner demonstrated adequate cause for his procedural default, or actual prejudice as a result of such default. Consequently, petitioner is precluded from obtaining federal habeas corpus review on Grounds 1, 2 and 4 identified above. Petitioner's claims should be dismissed for failure to exhaust and as procedurally defaulted.

## VI.
## MERITS

By his remaining grounds, petitioner contends he was denied due process during his disciplinary proceeding because the DHO improperly denied his requested witness and/or witness statement, because the charges are false and made in retaliation for filing grievances against the accusing officer and the DHO, and because the evidence was insufficient to sustain a guilty finding.

Prison disciplinary proceedings do not require the "full panoply of rights" due a defendant in a criminal proceeding. The Supreme Court has set forth the minimum requirements of procedural due process which are to be accorded prisoners in the disciplinary hearing process:

1.   advance written notice of the claimed violation;

---

[4] The audio record of the disciplinary hearing reflects the DHO determined that petitioner did receive adequate notice.

    2.        a written statement of the fact finder as to the evidence relied on and the reason(s) for the disciplinary action taken; and

    3.        an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals.

*Wolff v. McDonnell*, 418 U.S. 539, 564-66, 94 S.Ct. 2963 (1974).

By his third ground, petitioner contends the DHO improperly denied his requested witness and/or witness statement. Prior to his disciplinary hearing, petitioner was informed of his right to call witnesses. The Service Investigation Work Sheet reflects petitioner requested an Officer Roberson and the "other pod officer" (determined by counsel substitute to be the accusing officer – Officer Brown) as witnesses. Officer Brown testified by telephone and Officer Roberson's written statement was read into evidence at the hearing.[5] At the hearing, petitioner requested an additional officer, a Sgt. Wheeler, arguing Wheeler was on the stairwell by his cell when the incident occurred and would state petitioner never made the alleged threat or statement toward Officer Brown. The DHO denied petitioner's request noting that both Officer Brown, through his testimony, and Officer Roberson, in her written statement, averred they were the only two officers on the pod at the time of the incident and, therefore, Sgt. Wheeler's testimony was not necessary.[6] The DHO also noted in writing that the witness was denied "due to both AO and CO Roberson state that she was not present at the time of [the] incident." The DHO has the discretion to determine what witness testimony and documentary evidence will be allowed and entered into the record of disciplinary cases. *See*

---

[5]Officer Roberson's statement was as follows:

I was on 1 row and AO was on 2 row. We were making our rounds. AO got stopped at [defendant]'s cell. I went up there. I heard [defendant] threaten AO by saying, "I'm gonna get you." I did not hear the other threat or the other remarks made by [defendant]. AO and me were the only ones working the pod that day."

[6]Officer Brown even indicated his belief that Officer Roberson had stepped away to the sally port when the incident occurred and was unaware of her written statement that from her locale, she heard the threat made by petitioner but not the statement.

*Disciplinary Rules and Procedures for Offenders*, VI.B. (Presentation of Evidence).  Here, the DHO clearly noted on the record, both verbally and in writing, his reasons for disallowing the witness. Petitioner has not demonstrated the additional witness was necessary or that such purported testimony would have changed the result of the hearing.  While petitioner states what Sgt. Wheeler's testimony would have purportedly been, he does not state how he knows such.  Petitioner has not demonstrated a violation of due process.  Petitioner's third ground should be DENIED.

By his fifth ground, petitioner contends the charges brought against him by Officer Brown and the guilty finding entered by the DHO were made in retaliation for petitioner having previously filed grievances against both officers.  Petitioner has not submitted any evidence to support his allegations of retaliation.  Instead, he presents only his own self-serving allegations of prejudice. Without some additional actual evidence to support his assertions, petitioner's claims are not "of probative evidentiary value" and cannot, in and of themselves, result in habeas corpus relief.  *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).  Petitioner's allegations of retaliation are conclusory and fail to raise a cognizable claim on federal habeas review.  Petitioner's fifth ground should be DISMISSED.

By his sixth ground, petitioner contends his due process rights were violated because the evidence was insufficient to support the DHO's decision.  Disciplinary determinations "will not be disturbed unless they are arbitrary and capricious."  *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).  Consequently, this Court does not conduct a *de novo* review of the disciplinary proceedings, rather, a federal court's role on review is only to "examine if the guilty finding has the 'support of some facts' or 'any evidence at all.'"  *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

The evidence presented at the disciplinary hearing consisted of Officer Brown's offense report and supporting testimony, as well as Officer Roberson's statement that she heard petitioner

make the threat against Officer Brown.  There is nothing indicating the evidence in the record is unreliable.  Review of the record establishes the DHO's actions were not arbitrary and capricious.  There clearly was some evidence in the record supporting the DHO's determination of petitioner's guilt.  Petitioner's sixth ground should be DENIED.

## VII.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JAICOURRIE DEWAYNE FINLEY be DENIED, IN PART, and DISMISSED, IN PART.

## VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of November 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).